UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUDWIG CRISS ZELAYA-ROMERO,<br><br>       Plaintiff,<br><br>    -against-<br><br>A.J. BUSSANICH; ROBERT BEAUDOUIN;<br>GERSON BRIAN; JOHN DOE (CLINICAL<br>DIRECTOR MDC); JOHN OR JANE DOE<br>(REMEDY COORDINATOR BROOKLYN<br>MDC); JOHN DOE WARDEN MDC<br>BROOKLYN; AND DARRIN HOWARD,<br>NORTHEAST REGIONAL OFFICE, REGIONAL<br>COUNSEL,<br><br>       Defendants. | 22-CV-10909 (DEH)<br><br>ORDER OF SERVICE |

DALE E. HO, United States District Judge:

   Plaintiff, who currently is incarcerated at USP Yazoo City, in Yazoo City, Mississippi,

brings this action, *pro se*, under *Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics*, 403 U.S. 388 (1971) and the Federal Torts Claims Act ("FTCA"), alleging that he was

denied adequate medical care while he was incarcerated at the Metropolitan Correctional Center

(MCC") in New York, New York; the Metropolitan Detention Center ("MDC") in Brooklyn,

New York; and the North Lake Correctional Facility (NLCF") in Baldwin, Michigan. By order

dated December 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees.[1]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.  FTCA

In an action brought under the FTCA, the United States is the only proper defendant. 28 U.S.C. § 2679(a). In light of Plaintiff's *pro se* status, the Clerk of Court is directed to amend the caption of this action to add the United States as a Defendant. *See* Fed. R. Civ. P. 21.

### B.  Claims against John or Jane Doe, MDC Remedy Coordinator; John Doe, MDC Warden; and Darrin Howard, Regional Counsel

"[*Bivens*] is the federal analog to suits brought against state officials under [Section 1983]." *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants John or Jane Doe, MDC Remedy Coordinator; John Doe, MDC Warden; and Darrin Howard, Regional Counsel, were personally involved in the events underlying his claims. Plaintiff's claims against these Defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Service on the United States and Gerson Brian**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants the United States and Gerson Brian through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. **Because these defendants are federal defendants, the Clerk of Court is further instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A."** The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## D.    John Doe Defendant

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Metropolitan Detention Center to identify the Clinical Director. It is therefore ordered that the United States Attorney's Office, which is the attorney for and agent of MDC, must ascertain the identity of the John Doe Defendant whom Plaintiff seeks to sue here and the address where the Defendant may be served. The United States Attorney's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe Defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the address for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

## E.    Defendants A.J. Bussanich and Robert Beaudouin

Because Defendants Bussanich and Beaudouin were employed at MCC, and this facility is currently closed, the United States Attorney's Office, which is the attorney for and agent of

MCC, is therefore ordered to provide to the Court within sixty days of the date of this order service addresses where these Defendants may be served.

Upon receipt of this information, the Court will issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for Defendants Bussanich and Beaudouin and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses Plaintiff's claims against John or Jane Doe, MDC Remedy Coordinator; John Doe, MDC Warden; and Darrin Howard, Regional Counsel, for lack of personal involvement. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to amend the caption of this action to add the United States as a Defendant. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses for the United States. and Gerson Brian, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. **Because these defendants are federal defendants, the Clerk of Court is further instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A."**

The Clerk of Court is directed to mail a copy of this order and the complaint to United States Attorney's Office at: 86 Chambers Street, New York, New York 10007.

An "Amended Civil Rights Complaint" form is attached to this order.

The Clerk of Court is directed to mail Plaintiff an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 13, 2023
          New York, New York

_____
        DALE E. HO
    United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      United States Bureau of Prisons
        320 First Street, NW
        Washington, DC 20534

2.      United States of America
        United States Attorney, Southern District of New York
        Civil Division
        86 Chambers Street, Third Floor
        New York, New York 10007

3.      Attorney General of the United States
        United States Department of Justice
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20530-0001

4.      Gerson Brian, Staff Physician MDC
        Metropolitan Detention Center
        80 29th Street
        Brooklyn, New York 11232