UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUDWIG CRISS ZELAYA-ROMERO, <br><br>                             Plaintiff, <br><br>            v. <br><br> BUSSANICH et al., <br><br>                             Defendants. | 22-CV-10909 (DEH) <br><br> ORDER |

DALE E. HO, United States District Judge:

The docket in this matter lists as a Defendant "John Doe (Clinical Director MDC)." *See Romero v. Bussanich et al.*, No. 22 Civ. 10909 (S.D.N.Y.). On December 13, 2023, the Court issued an Order (the "December 13 Order") in which it determined that Plaintiff Zelaya-Romero's ("Plaintiff" or "Zelaya-Romero") Complaint "supplies sufficient information to permit the Metropolitan Detention Center [("MDC")] to identify the Clinical Director." December 13, 2023 Order at 5, ECF No. 8. And, "[u]nder *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant." *Id.* (citing 121 F.3d 72, 76 (2d Cir. 1997). Accordingly, the December 13 Order instructed the United States Attorney's Office (USAO)[1] to "ascertain the identity of the John Doe Defendant whom Plaintiff seeks to sue here and the address where the Defendant may be served." *Id.* The Court further ordered the USAO to provide this information to Zelaya-Romero and the Court within sixty days. *Id.*

As of September 14, 2025, there is no indication that the USAO provided this information to Zelaya-Romero or the Court. However, the case caption in Defendants' briefs in support of their motion for partial summary judgment and motion dismiss the Amended Complaint both list an individual named "Bruce Bialor" as a Defendant alongside the three other Individual

---

[1] The USAO represents all Defendants in this matter.

Defendants in this action. *See* Defs.' Mem. in Supp., ECF No. 26 (listing "Bruce Bialor" in the case caption); Defs.' Reply Mem. in Supp., ECF No. 47 (same). Defendants' reply memorandum also references "Defendant Bruce Bialor" when arguing that Zelaya-Romero's "*Bivens* claim against Bialor should be dismissed . . . for failure to exhaust." Defs.' Reply Mem. in Supp. at 3. Therefore, the Court understands Bialor to be the "John Doe" Defendant identified as the MDC Clinical Director in the case caption.

A review of the docket in this matter indicates that proper service was never effectuated as to Defendant Bialor. However, by voluntarily responding to this lawsuit without raising improper service as an affirmative defense, the Court concludes that Defendant Bialor has waived the right to assert any such defense. *See* Fed. R. Civ. P. 12(h)(1); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998) ("Rule 12(h)(1) 'advises a litigant to exercise great diligence in challenging . . . service of process. If he wishes to raise [this] defense[] he must do so at the time he makes his first significant defensive move. . . .") (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (1990); *Espaillat v. Rite Aid Corp.*, No. 00 Civ. 2086, 2003 WL 721566, at *3 (S.D.N.Y. 2003) ("If the defense of insufficiency of service of process is not promptly asserted by motion or in the responsive pleadings, it is waived.") (citing *Walker v. Keyser*, No. 98 Civ. 5217, 2001 WL 1160588, *5 (S.D.N.Y. Oct. 2, 2001)). Accordingly, the Clerk of Court is respectfully directed to add Defendant Bruce Bialor to the docket in this matter in place of "John Doe (Clinical Director MDC)." The Clerk of Court is further directed to mail a copy of this Order to Zelaya-Romero. SO ORDERED.

Dated: September 16, 2025
      New York, New York

                                       DALE E. HO
                              United States District Judge