UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUDWIG CRISS ZELAYA-ROMERO,<br><br>                    Plaintiff,<br><br>         -against-<br><br>BUSSANICH et al.,<br><br>                    Defendants. | 22 Civ. 10909 (DEH)<br><br>**ORDER GRANTING<br>PRO BONO COUNSEL** |

DALE E. HO, United States District Judge:

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purposes of conducting discovery and settlement in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61-62; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Zelaya-Romero filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. *See* Order dated December 7, 2023, ECF No. 5. Zelaya-Romero therefore qualifies as indigent.

In the Complaint, Zelaya-Romero asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, and the Federal Torts Claims Act based on alleged inadequate medical care provided while he was incarcerated at the Metropolitan Correctional Center and the Metropolitan Detention Center. *See* 403 U.S. 388 (1971); 28 U.S.C. §§ 1346(b), 2401(b), 2671-80. As some of Zelaya-Romero's claims survived Defendants' motion to dismiss, the Court finds that his remaining claims are "likely to be of substance." *Hodge*, 802 F.2d at 61-

2

62. The Court also finds that the other *Hodge* factors weigh in favor of granting Zelaya-Romero's application. In particular, the Court finds that Zelaya-Romero's ability to engage in the discovery process and settlement discussions is hindered by his status as an incarcerated person and his limited ability to speak English. Accordingly, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61.

Given the early stage of the proceedings, the Court will request that counsel appear for the limited purpose of conducting discovery. In addition, *pro bono* counsel may engage in settlement discussions. *Pro bono* counsel will not be obligated for any aspect of Zelaya-Romero's representation beyond the matter described in this order. In particular, *pro bono* counsel will not be required to respond to a dispositive motion, including any dispositive motions filed by Defendants. In the event that Defendants file a dispositive motion, *pro bono* counsel may seek appropriate relief, including an extension of Zelaya-Romero's time to respond, or an expansion of *pro bono* counsel's role to include responding to the motion. Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Zelaya-Romero will end upon completion of discovery. Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of Zelaya-Romero in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Zelaya-Romero or to the Court in this matter.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-78), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Zelaya-Romero's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, Zelaya-Romero's Application for the Court to Request Counsel, *see* ECF No. 48, is **GRANTED**. The Court advises Zelaya-Romero that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Zelaya-Romero to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney; the process can be aided by Zelaya-Romero's prompt response to any outreach. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Zelaya-Romero should be prepared to proceed with the case *pro se*. The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

While Zelaya-Romero seeks *pro bono* counsel, further proceedings are stayed pending further order of the Court. *See Segal v. New York Military Academy*, No. 21 Civ. 6872, 2025 WL 463310, at *3 (S.D.N.Y. Jan. 7, 2025) (staying discovery "pending further order of the Court" after granting *pro se* plaintiff's request to seek *pro bono* counsel). The Clerk of Court is respectfully directed to terminate ECF No. 48. The Clerk of Court is further directed to mail a copy of this Order to Zelaya-Romero and note service on the docket.

SO ORDERED.

Dated:   September 30, 2025
         New York, New York

_____
Dale E. Ho
United States District Judge